IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTIN HARDY,

    Plaintiff,                         No. 2:13-cv-0726 DAD P

    vs.

C. DAVIS, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the required filing fee of $350.00 or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

        Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

        Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298

1 (1989). In certain exceptional circumstances, the district court may request the voluntary
2 assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017
3 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
4           The test for exceptional circumstances requires the court to evaluate the plaintiff's
5 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
6 light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,
7 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
8 common to most prisoners, such as lack of legal education and limited law library access, do not
9 establish exceptional circumstances that would warrant a request for voluntary assistance of
10 counsel. In the present case, the court does not find the required exceptional circumstances.
11           Accordingly, IT IS HEREBY ORDERED that:
12           1. Plaintiff shall submit, within thirty days from the date of this order, either the
13 $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form
14 provided with this order; plaintiff is cautioned that failure to comply with this order or seek an
15 extension of time to do so will result in a recommendation that this action be dismissed without
16 prejudice;
17           2. Plaintiff's April 12, 2013 motion for the appointment of counsel (Doc. No. 2)
18 is denied; and
19           3. The Clerk of the Court is directed to send plaintiff an Application to Proceed
20 In Forma Pauperis By a Prisoner for use in a civil rights action.
21 DATED: April 22, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

25 DAD:kly/4
hard0726.3a
26

2