1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KRISTIN HARDY,                                  No.  2:13-cv-0726 JAM DAD P

12                      Plaintiff,

13         v.                                         FINDINGS & RECOMMENDATIONS

14    C. DAVIS, et al.,

15                      Defendants.

16

17          Plaintiff Kristin Hardy is a state prisoner proceeding pro se and in forma pauperis in this

18    civil rights action filed pursuant to 42 U.S.C. § 1983.[1]   In his complaint, plaintiff alleges that the

19    three named defendants, all employees of the California Department of Corrections and

20    Rehabilitation (CDCR) working at High Desert State Prison (High Desert), violated his rights

21    under the Fourth and Eighth Amendments by subjecting him to an unreasonable strip search and

22    through use of excessive force.  Presently before the court is defendants' motion pursuant to

23    Federal Rule of Civil Procedure 12(b)(6) to dismiss all of plaintiff's claims with the exception of

24    his excessive use of force claims brought under the Eighth Amendment against defendants Morris

25    /////

26    /////

27    _____

28    [1]  The action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B),
      Local Rule 302(c), and Local General Order No. 262.

                                                    1

1     and Zahniser.[2]  (ECF No. 26.)  In addition, plaintiff's motion to amend his complaint is also

2     before the court.  (ECF No. 31.)

3     I.  Background

4            A.  Procedural Background

5            Plaintiff commenced this action by filing his complaint on April 12, 2013.  (ECF No. 1.)

6     On December 23, 2013, the court screened plaintiff's initial complaint pursuant to 28 U.S.C.

7     § 1915A(a), dismissed plaintiff's official capacity suit against defendants, and determined that

8     service of the complaint was appropriate on defendants C. Davis, C. Morris, and Zahniser.  (ECF

9     No. 12.)

10           On March 28, 2014, defendants filed the instant motion to dismiss.  (ECF No. 26.)  On

11    May 12, 2014, after receiving an extension of time, (ECF No. 28), plaintiff filed an opposition to

12    the motion to dismiss.  (ECF No. 29.)  On May 20, 2014, defendants filed a reply.  (ECF No. 30.)

13    On June 2, 2014, plaintiff filed a motion to amend his complaint.  (ECF No. 31.)  In an order filed

14    June 5, 2014, the court stated that it would consider the substance of plaintiff's motion to amend

15    with his opposition to the motion to dismiss and that the motion to amend would remain pending

16    so as to be ruled upon in connection with the findings and recommendations addressing the merits

17    of defendants' motion to dismiss.  (ECF No. 33.)

18           B.  Factual Allegations

19           In his complaint, plaintiff alleges as follows.  At all relevant times, plaintiff was an inmate

20    at High Desert, defendant Davis was a library technical assistant at High Desert, and defendants

21    Morris and Zahniser were correctional officers at High Desert.  (ECF No. 1 at 6-7.)  On July 17,

22    2012, plaintiff "was summoned to the Facility 'C' law library" by defendant Davis.  (Id. at 8.)  At

23    10:00 a.m., at the end of the library session, defendant Davis told all inmates to sign out and

24    prepare to leave the library.  (Id.)  Plaintiff was in line waiting to exit when defendant Davis

25    announced that the yard was down and ordered everyone to sit down.  (Id. at 8-9.)  Plaintiff

26

27    [2]  This defendant is identified in the complaint, variously, as Zahiser and Zanhiswer.  (ECF No. 1
      at 1, 2.)  In the motion to dismiss, he is identified by defendants' counsel as Zahniser.  The court
28    will refer to him as defendant Zahniser.

1    complied and sat down as directed.  (Id. at 9.)  "Defendant Davis then exclaimed 'When I say

2    take a seat I mean now Hardy.'"  (Id. at 9-10.)  A few minutes later defendants Morris and

3    Zahniser entered the library asking where plaintiff was.  (Id. at 10.)  Plaintiff raised his hand and

4    was escorted out of the library by defendants Morris and Zahniser.  (Id.)

5         Once outside the library, plaintiff saw several correctional officers, some armed with

6    "'block gun' riot weapons."  (Id. at 11.)  Defendant Morris ordered plaintiff to submit to a strip

7    search.  (Id.)  Plaintiff asked why the search was required and why it was being conducted in an

8    open area where he could be seen by female staff.  (Id.)  Defendant Morris responded that he was

9    giving an order and plaintiff should comply or he would be pepper sprayed.  (Id.)  Plaintiff saw

10   staff coming toward him with batons extended and pepper spray canisters pointed at him.  (Id. at

11   12.)  Plaintiff then "dove to the ground spread eagle."  (Id.)  Defendants Morris and Zahniser

12   jumped on plaintiff's back and "stuffed their knees into [plaintiff's] back and neck."  (Id. at 12-

13   13.)  Defendants Morris and Zahniser were cursing and calling plaintiff derogatory names while

14   they put him in handcuffs.  (Id. at 13.)

15        Defendants Morris and Zahniser lifted plaintiff off the ground, wrenching his handcuffed

16   wrist "in an upward motion causing [plaintiff] to cry out in pain."  (Id. at 13-14.)  The

17   correctional officers escorted plaintiff to a holding cage in the Facility C program room.  (Id. at

18   14.)  They ordered plaintiff to strip and all of his clothing was confiscated.  (Id.)  They ordered

19   plaintiffs to lift his genitals, bend over at the waist, spread his buttocks, and cough.  (Id. at 14-15.)

20   Following the strip search, plaintiff's clothing was then returned and he was allowed to return to

21   his cell.  (Id. at 15.)

22        On July 19, 2012, plaintiff submitted a request for medical attention, complaining of

23   "intense pain in the right wrist."  (Id.)  For two weeks, plaintiff was unable to apply any pressure

24   to his wrist or move his wrist without significant pain and anxiety.  (Id. at 15-16.)  On July 17,

25   2012, plaintiff was prescribed pain medication and placed on a ten day lay-in.  (Id. at 16.)

26   During the lay-in plaintiff was restricted to his cell until cleared by a doctor.  (Id. at 16-17.)

27   Ultimately a doctor diagnosed plaintiff as suffering a sprained wrist.  (Id. at 17.)

28   /////

II.  Standards

    A.   Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

    A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

    In determining whether a pleading states a cognizable claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

    In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

/////

/////

1   III.  Analysis

2           A.  Plaintiff's Fourth Amendment Claim

3           Plaintiff claims that defendant Davis violated plaintiff's rights under the Fourth

4   Amendment by summoning defendants Morris and Zahniser to strip search plaintiff for punitive

5   reasons and that defendants Morris and Zahniser violated plaintiff's rights under the Fourth

6   Amendment by subjecting him to an arbitrary and unreasonable unclothed body search.

7   Defendant Davis seeks dismissal of the claims on the ground that subjective motivation

8   underlying the search of plaintiff is not a basis for Fourth Amendment liability.  Defendants

9   Morris and Zahniser seek dismissal of plaintiff's Fourth Amendment claim against them on the

10  ground that the strip search of plaintiff was reasonable.

11          The Fourth Amendment protects prison inmates from unreasonable strip searches.  Nunez

12  v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010) (citing Michenfelder v. Sumner, 860 F.2d 328,

13  332 (9th Cir. 1988)).  The reasonableness of a particular search of a prisoner is determined by

14  applying the following balancing test announced by the Supreme Court:

15              The test of reasonableness under the Fourth Amendment is not
                capable of precise definition or mechanical application. In each
16              case it requires a balancing of the need for the particular search
                against the invasion of personal rights that the search entails. Courts
17              must consider the *scope* of the particular intrusion, the *manner* in
                which it is conducted, the *justification* for initiating it, and the *place*
18              in which it is conducted.

19  Bell v. Wolfish, 441 U.S. 520, 559 (1979) (emphasis added).  A correctional defendant's actual

20  state of mind in ordering or conducting a strip search is not relevant to analysis of this type of

21  Fourth Amendment claim.  Nunez, 591 F.3d at 1228.  A strip search is "reasonable" under the

22  Fourth Amendment if the circumstances of the search, viewed objectively, justify the search the

23  action without regard to the defendant's state of mind.  Id. (quoting Brigham City, Utah v. Stuart,

24  547 U.S. 398, 404 (2006) (internal citation omitted)).

25          Viewed in the light most favorable to plaintiff, the allegations of the complaint are

26  sufficient to state a cognizable Fourth Amendment claim against defendants Morris and Zahniser,

27  but not against defendant Davis.  In his complaint, plaintiff alleges in conclusory and general

28  language that defendant Davis "summon[ed] officers to the library to strip search plaintiff."  (ECF

5

1   No. 1 at 19.)  Plaintiff alleges no action taken or statement made by defendant Davis in

2   connection to the strip search carried out by correctional officer defendants Morris and Zahniser.

3   Plaintiff asks the court to infer that defendant Davis summoned defendants Morris and Zahniser

4   for this purpose from the allegation that defendants Morris and Zahniser appeared in the prison

5   law library looking for plaintiff a few minutes after defendant Davis allegedly chastised plaintiff

6   for not complying quickly enough with the order to sit.  See Pls. Opp'n (ECF No. 29 at 18-19.)

7   Without more, the inference that plaintiff request the court to draw is not a sufficiently reasonable

8   basis to support plaintiff's Fourth Amendment claim against defendant Davis.[3]  Plaintiff must

9   allege specific facts which would link defendant Davis to the carrying out of the strip search,

10  which he has not done.  Further, it does not appear from the record before the court that this

11  defect could be cured by amendment.  Plaintiff has consistently relied on this inference to support

12  his administrative grievance as well as the claim at bar against Davis, and has presented no

13  additional relevant factual allegations in either his opposition to the pending motion to dismiss or

14  in his motion to amend his complaint.  For the foregoing reasons, the court will recommend

15  defendants' motion to dismiss be granted as to plaintiff's Fourth Amendment claim against

16  defendant Davis.[4]

17  /////

18  /////

19

20  [3]  The court observes that plaintiff made the same contention in the administrative inmate
    grievance that he filed after these events about which he complains.  See Ex. C to Complaint
21  (ECF No. 1).  Plaintiff's inmate grievance was processed through all three levels of
    administrative review.  While each of the administrative decisions concluded that there was no
22  staff misconduct in connection with the strip search of plaintiff, none disclose a reason for why
    the strip search was conducted.  See id.
23

24  [4]  As noted above, defendants also contend that any subjective motivation for having plaintiff
    strip searched is insufficient to support a Fourth Amendment claim against defendant Davis.
25  While defendants are correct that subjective motivation for a strip search is irrelevant to the
    analysis of a Fourth Amendment claim, in the instant case that would not end the analysis had
26  plaintiff alleged a sufficient causal nexus between defendant Davis's actions and the strip search.
    If the allegations of plaintiff's complaint are accepted as true – which they must be for purposes
27  of this motion to dismiss – there was no justification for the carrying out of the challenged strip
28  search.

6

1    Defendants Morris and Zahniser seek dismissal of the Fourth Amendment claim against

2    them on the ground that plaintiff has not alleged sufficient facts to suggest the search was

3    unreasonable.  This argument is without merit.  If the allegations of plaintiff's complaint are

4    accepted as true, which they must be for purposes of this motion to dismiss, there was no need to

5    strip search plaintiff and no justification for requiring him to submit to such a search.[5]  The

6    undersigned notes that plaintiff also alleges that the strip search was conducted in a holding cage

7    in a program room and that he was required to remove and relinquish all his clothing, lift his

8    genitals and spread his buttocks.  The allegations of plaintiff's complaint are that defendants

9    conducted an intrusive strip search without any justification.  If proved, these allegations could

10   support a finding that defendants violated plaintiff's Fourth Amendment rights.  Plaintiff has

11   therefore adequately stated a Fourth Amendment claim against defendants Morris and Zahniser.

12          B.  Eighth Amendment

13          Plaintiff also claims that defendant Davis violated his rights under the Eighth Amendment

14   by summoning defendants Morris and Zahniser to punish plaintiff.  Defendant Davis argues that

15   this claim should be dismissed because plaintiff has failed to plead facts which link defendant

16   Davis to the injuries plaintiff alleges he suffered.

---

17   [5]  In their motion, defendants contend the allegations of the complaint support a finding that the
18   visual strip search of plaintiff was conducted to maintain prison security because the complaint's
     allegations could be construed to claim that defendant Davis ordered the strip search due to
19   plaintiff's failure to comply with orders to sit down.  Defs.' Mot. (ECF No. 26-1 at 9).  Leaving
     aside for the moment that this argument appears to contradict defendants' contention that there is
20   an insufficient nexus between the allegations of defendant Davis' conduct and the challenged
     strip search, the problem with this argument is that plaintiff plainly alleges in his complaint that
21   he did in fact timely comply with defendant Davis's order to sit down.  Defendants next argue
     that plaintiff's allegation that he asked defendant Morris why he was being subjected to a strip
22   search and in a place where he could be seen by female officers, could be construed as a refusal to
     obey the order to submit to a strip search, which refusal would itself justify the strip search.  Id. at
23   9.  The court is not persuaded that plaintiff's allegations that he asked a question about a search
     that defendants had apparently already decided to conduct can itself constitute a justification for a
24   search if no such justification existed before.  Moreover, defendants argue in their motion that,
     after plaintiff questioned why he was being subjected to search in an open area outside the library,
25   correctional officers escorted him to a program room and "conduct[ed] the search in a separate
     room, away from the view of others" as required by regulations "'[w]henever possible.'"  (ECF
26   No. 26-1 at 9) (quoting Cal. Code Regs. tit. 15 § 3287(b) (2012)).  Viewed in the light most
     favorable to plaintiff, plaintiff has alleged that his question about why he was being searched in
27   an open area was consistent with the requirements imposed by this regulation.

28

1    In opposition to the motion, plaintiff argues, first, that the allegations of the complaint

2  give rise to an inference that defendant Davis summoned defendants Morris and Zahniser to the

3  library to subject plaintiff to punitive treatment, including excessive force, and second, that his

4  allegations are similar to an inmate grievance filed by another inmate about defendant Davis.

5  Even if such evidence were relevant to plaintiff's claim against defendant Davis, the court does

6  not consider material outside the scope of the pleadings in ruling on this motion to dismiss. See

7  Fed. R. Civ. P. 12(b)(6).

8    As discussed above, the court finds that plaintiff has failed to allege sufficient facts to

9  support a reasonable inference that defendant Davis summoned defendants Morris and Zahniser

10  to the law library for the purpose of inflicting harm on plaintiff.  In particular, as defendant Davis

11  contends, there are no facts alleged in plaintiff's complaint linking defendant Davis to any of the

12  events that followed plaintiff's removal from the law library.

13    In addition, as also discussed above, there is nothing in the record before the court that

14  suggests the defects with respect to this claim could be cured by plaintiff through amendment.  In

15  his motion to amend his complaint, plaintiff seeks to amend his Eighth Amendment claim to add

16  allegations that defendant Davis also failed to intervene to stop defendants Morris and Zahniser

17  from using excessive force on him.  However, in his motion plaintiff alludes to no factual

18  allegations suggesting that defendant Davis saw the events of which plaintiff complains, all of

19  which are alleged to have taken place outside the law library, or that defendant Davis, a library

20  technical assistant, would have had the authority or the duty to intervene had defendant Davis

21  seen the alleged excessive use of force on plaintiff.

22    For these reasons, the court will recommend dismissal of plaintiff's Eighth Amendment

23  claim against defendant Davis and will also recommend that plaintiff's motion to amend be

24  denied.

25  /////

26  /////

27  /////

28  /////

8

1    C. Qualified Immunity

2         Finally, defendants Morris and Zahniser seek dismissal of plaintiff's Fourth Amendment

3    claim on qualified immunity grounds.[6]  The defense of qualified immunity requires a two-part

4    analysis.

5          First, "[t]aken in the light most favorable to the party asserting the
             injury, do the facts alleged show the officer's conduct violated a
6          constitutional right?"  Saucier v. Katz, 533 U.S. 194, 201 (2001),
             overruled in part by Pearson v. Callahan, 555 U.S. 223 (2009).
7          [Footnote omitted.]  Second, we must ask "whether the right was
             clearly established."  Id.  A right is clearly established if "it would
8          be clear to a reasonable officer that his conduct was unlawful in the
             situation he confronted."  Id. at 202.
9

10   Lacey v. Maricopa Cnty., 649 F.3d 1118, 1131 (9th Cir. 2011).  The inquiry may focus on either

11   prong of the analysis first.  Id.  Here, for the reasons set forth above, viewed in the light most

12   favorable to plaintiff, the allegations of the complaint state a cognizable Fourth Amendment

13   claim against defendants Morris and Zahniser.  Moreover, as discussed above, in his complaint

14   plaintiff alleges that there was no justification for the strip search.  The right to be free of an

15   unjustified strip search was clearly established and would have been clear to reasonable officers

16   at the time of the events complained of.  Defendants Morris and Zahniser's motion to dismiss the

17   Fourth Amendment claim on the ground of qualified immunity should therefore be denied.

18   III. Conclusion

19        Based on the foregoing, IT IS HEREBY RECOMMENDED that:

20        1.  Defendants' March 28, 2014 motion to dismiss (ECF No. 26) be granted as to

21             all of plaintiff's claims against defendant Davis, and denied as to plaintiff's

22             Fourth Amendment claim against defendants Morris and Zahniser;

23        2.  Defendants Morris and Zahniser be directed to answer the complaint within

24             twenty-one days from the date of any order adopting these findings and

25             recommendations; and

26

27   [6]  Defendant Davis also seeks dismissal on grounds of qualified immunity.  The court need not
     reach this contention in light of the recommendation herein that all claims against defendant
28   Davis be dismissed on the merits.

1          3.  Plaintiff's June 2, 2014 motion to amend his complaint (ECF No. 31) be

2              denied.

3        These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8 objections shall be served and filed within fourteen days after service of the objections.  The

9 parties are advised that failure to file objections within the specified time may waive the right to

10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 Dated: February 10, 2015

12

13

14 dad1.civilrights.10/12
hard0726.mtd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28