1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KRISTIN HARDY,                              No.  2:13-cv-0726 JAM DAD P

12                    Plaintiff,

13          v.                                   ORDER

14   C. DAVIS, et al.,

15                    Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On February 11, 2015, the magistrate judge filed findings and recommendations herein

21   which were served on all parties and which contained notice to all parties that any objections to

22   the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed

23   objections to the findings and recommendations and Defendants responded.

24          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25   court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the

26   court finds the findings and recommendations to be supported by the record and by proper

27   analysis, but the Court does not adopt the findings and recommendations to the extent they deny

28   Plaintiff leave to amend his claims against Defendant Davis.  A court should freely grant leave to

                                              1

1   amend.  Fed. R. Civ. Pro. 15(a)(2).  A court "is generally required to grant the plaintiff leave to

2   amend, even if no request to amend the pleading was made, unless amendment would be futile."

3   Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir.

4   1990).  Amendment is not futile if the plaintiff could "cure the defect requiring dismissal 'without

5   contradicting any of the allegations of [the] original complaint.'" Plascencia v. Lending 1st

6   Mortgage, 583 F. Supp. 2d 1090, 1095 (N.D. Cal. 2008) (quoting Reddy v. Litton Indus., Inc.,

7   912 F.2d 291, 296 (9th Cir. 1990)) (alteration in original).

8           Here, the Court agrees with the magistrate judge that Plaintiff has not pled a causal link

9   between Defendant Davis's actions and the strip search.  See F&R at 6, 8.  But nothing in the

10   complaint contradicts such a link, and Plaintiff has had no previous opportunity to amend.  The

11   Court therefore grants the motion to dismiss as to Defendant Davis, but allows Plaintiff leave to

12   amend those allegations.

13           Accordingly, IT IS HEREBY ORDERED that:

14           1.  The findings and recommendations filed February 11, 2015 are adopted;

15           2.  Defendants' March 28, 2014 motion to dismiss (ECF No. 26) is granted with leave to

16   amend as to all of Plaintiff's claims against Defendant Davis, and denied as to Plaintiff's Fourth

17   Amendment claim against Defendants Morris and Zahniser;

18           3. If Plaintiff chooses to file an amended complaint as to the allegations against Defendant

19   Davis, he must do so within twenty-one days from the date of this order;

20           4.  Defendants Morris and Zahniser are directed to file an answer within twenty-one days

21   from the date of the filing of Plaintiff's amended complaint, or the expiration of the twenty-one

22   days allotted to file such amended complaint mentioned above in paragraph 3—whichever is

23   sooner; and

24           5.  Plaintiff's June 2, 2014 motion to amend his complaint to add new claims or theories

25   against Defendant Davis (ECF No. 31) is denied.

26   DATED:  June 9, 2015

27                                           /s/ John A. Mendez_____

28                                           UNITED STATES DISTRICT COURT JUDGE