UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>        Plaintiff,<br><br>   v.<br><br>C DAVIS, et al.,<br><br>        Defendants. | No. 2:13-cv-0726 JAM DB<br><br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983 alleging he was unreasonably strip-searched and subjected to excessive force, in violation of his Fourth and Eighth Amendment rights.

      Before the close of discovery, plaintiff filed two discovery motions, seeking to compel better answers to interrogatories (ECF No. 67) and seeking to stay a deposition scheduled by defendants (ECF No. 68). After the close of discovery, plaintiff filed two more discovery motions, seeking to submit additional interrogatories to defendants, to extend the discovery deadline (ECF No. 76) and compel better responses to interrogatories (ECF No. 77). For the reasons outlined below, the undersigned denies all four motions.

////

////

////

I.      Motion to Compel Better Responses to Interrogatories (ECF No. 67)

On October 20, 2015, Plaintiff served his first set of interrogatories on defendants. (ECF No. 65 at 2-9.) Based on the Discovery and Scheduling Order, defendants' interrogatory responses were to be served on or before December 7, 2015. (ECF No. 56; Fed. R. Civ. P. 6(e).) Defendants sought an extension of time until December 21, 2015, to respond to plaintiff's discovery, and the court granted this extension. (ECF Nos. 63; 64.) Defendants served their interrogatory responses on plaintiff on December 21, 2015. (ECF No. 70-1 ¶ 5.)

Plaintiff alleges that defendants' responses to several of his interrogatories were "incomplete and evasive." (ECF No. 67 at 2-3.) In particular, plaintiff takes issue with defendant Davis' responses to Interrogatory Nos. 5, 9, 17, and 21, and defendants Morris and Zahniser's responses to Interrogatories Nos. 6, 12-13, and 17. (Id.) Plaintiff's barebones accusations of incomplete discovery responses do not meet the burden imposed on him by the federal rules governing discovery.

Under Federal Rule of Civil Procedure 37, a party propounding discovery may seek an order compelling a discovery response when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). A mere disagreement with the responding party's responses is not a basis for objection. Johnson v. Cate, No. 1:10–cv–02348–LJO–MJS, 2014 WL 4249141, at *6 (E.D. Cal. Aug. 27, 2014). Furthermore, the party moving to compel better responses must demonstrate how or why the responses are incomplete or evasive. Id. Plaintiff has not done that here.

A review of each interrogatory response -- which plaintiff attached to the motion (ECF No. 67 at 5-42) -- finds no clear instances of incomplete or evasive answers. To be sure, defendants objected to each of the subject interrogatories; however, despite posing objections, defendants still offered substantive responses to each interrogatory. (Id.) While some of these responses expressly stated that defendants could not remember or were not aware of certain facts, such answers -- when delivered in good faith -- are completely appropriate if defendants lack knowledge.

////

  Accordingly, the court denies plaintiff's motion to compel (ECF No. 67) because plaintiff failed to demonstrate how the interrogatory responses were inadequate and the court's review of the material did not find incomplete or evasive answers.

II.   <u>Motion for Order of Protection and for Stay (ECF No. 68)</u>

  On December 31, 2015, defendants served a deposition subpoena on Mr. Daniel W. Wright. (ECF No. 68 at 8-9.) Mr. Wright's deposition was scheduled for Thursday, January 21, 2016, at 10:00 a.m., at California State Prison, Sacramento, where Mr. Wright was incarcerated. (<u>Id.</u> at 8.) On January 11, 2016, plaintiff moved to stay this deposition. (<u>Id.</u>)

  Plaintiff objects to defendants taking Mr. Wright's deposition and seeks a stay on the following grounds: (1) the deposition will cause undue annoyance, burden, and oppression on Mr. Wright; (2) Mr. Wright is elderly and has various medical issues; (3) the deposition will not lead to the discovery of admissible evidence; (4) and Mr. Wright was plaintiff's former cellmate and was not present during the July 17, 2012 incident. (<u>Id.</u> at 2-3.) Plaintiff seeks the following remedies: (1) Mr. Wright's deposition be taken in camera; (2) the scope of the deposition be limited only to the July 17, 2012 incident; and (3) the length of the deposition be limited to ninety minutes, with the parties having equal time to ask Mr. Wright questions. (<u>Id.</u> at 4.)

  Absent a claim of privilege or personal right, only the non-party served with the subpoena has standing to quash it. <u>See</u> <u>Wells Fargo & Co. v. ABD Ins.</u>, No. C 12–03856 PJH, 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012); <u>Coulter v. Murrel</u>, No. 10–102 IEG (NLS), 2011 WL 666894, at *2 (S.D. Cal. Feb.14, 2011); <u>In re Ashworth, Inc. Securities Litig.</u>, No. 99–CV–121, 2002 WL 33009225, at *2 (S.D. Cal. May 10, 2002). A party has no standing to object to a non-party subpoena on the basis that the subpoena seeks irrelevant information or would impose an undue burden when the non-party has not objected. <u>Wells Fargo</u>, 2012 WL 6115612 at *2.

  Here, only Mr. Wright, not plaintiff, has standing to quash defendants' subpoena and, to date, he has not moved to do so. Furthermore, plaintiff does not identify any personal right or privileged information that would be jeopardized if Mr. Wright is allowed to testify. (<u>Id.</u> (citing <u>Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.</u>, 231 F.R.D. 426, 429 (M.D. Fla. 2005)). Therefore, plaintiff's objections, including those relating to any purported undue burden on Mr.

1   Wright, are not grounds on which plaintiff has standing to object to defendants' subpoena.

2   Notwithstanding plaintiff's lack of standing to object to the deposition of Mr. Wright, the
3   motion is also moot, as the deposition was scheduled for January of 2016.

4   Accordingly, the court denies plaintiff's motion for protective order and for stay (ECF No.
5   68) because plaintiff lacks standing to bring the motion and because the relief sought is now
6   moot.

7   III.   Motion to Serve Additional Interrogatories and to Extend Discovery (ECF No. 76)

8   On September 23, 2015, the Court issued its Discovery and Scheduling Order, setting the
9   discovery deadline for February 12, 2016. (ECF No. 56 at 5.) To date, plaintiff has served two
10  sets of interrogatories on Defendants. (ECF No. 78-1 ¶ 2.) Specifically, plaintiff has served a
11  total of twenty-one interrogatories on Defendant Davis, and twenty-four on Defendants Morris
12  and Zahniser. (Id.) On February 1, 2016, plaintiff moved for additional discovery, seeking to
13  serve ten additional interrogatories on each defendant and to extend the discovery cut-off by
14  sixty-days. (ECF No. 76.)

15  When a party seeks leave to serve additional interrogatories, that party must make a
16  particularized showing of why that discovery is necessary. Waterbury v. Scribner, No. 1:05-cv-
17  0764 OWW DLB PC, 2008 WL 2018432, at *8 (E.D. Cal. May 8, 2008) (citing Archer Daniels
18  Midland Co. v. Aon Risk Servs., Inc. of Minnesota, 187 F.R.D. 578, 586 (D. Minn. 1999)).
19  Pursuant to Federal Rule 33(a), once the moving party has made a particularized showing, the
20  Court shall grant leave if it is consistent with FRCP 26(b)(2).

21  Plaintiff's instant motion is deficient. Plaintiff alleges simply that he is acting as his own
22  attorney and "that additional discovery is needed to discover potentially relevant information that
23  may be needed if this case proceeds to trial." (ECF No. 76 at 1.) Plaintiff adds that he is limited
24  to interrogatories as his only discovery tool. (Id.) Plaintiff's motion does not adequately set forth
25  why up to thirty additional interrogatories are needed, nor does the motion explain the nature or
26  subject matter of the additional interrogatories. Additionally, courts require that parties moving
27  to serve additional interrogatories submit the proposed interrogatories for review by the court
28  with the motion. Waterbury, 2008 WL 2018432 at *8. Plaintiff has not done so here. Thus, the

1  court cannot adequately address plaintiff's need to serve additional interrogatories.

2  Accordingly, the court denies plaintiff's motion to serve additional interrogatories and to
3  extend discovery (ECF No. 76) because the motion is deficient.

4  IV.     Motion to Compel Discovery (ECF No. 77)

5  Finally, plaintiff moves (again) to compel better answers to interrogatories from defendant
6  Morris. (ECF No. 77.) In contrast to plaintiff's first motion (ECF No. 67), this motion does
7  attempt to specifically demonstrate the inadequacy of two interrogatory responses with
8  specificity. However, plaintiff's arguments are not persuasive.

9  Interrogatory No. 6 asked defendant Morris if he ever responded to the C-Facility law
10 library to remove an inmate at defendant Davis' behest, other than the July 17, 2012 incident
11 where he removed plaintiff from the library. (ECF No. 77 at 3.) Defendant Morris objected to
12 this interrogatory on several grounds: (1) overbroad as to scope and time; (2) calling for improper
13 character evidence; (3) calling for speculation; (4) irrelevance; and (5) not being proportionate to
14 the needs of the case. (Id.) Without waiving these objections, defendant Morris responded that
15 he may have responded to the C-Facility law library at the behest of defendant Davis for unruly
16 inmate behavior in the past, but he could not remember when those incidents took place. (Id.)

17 Plaintiff contends that this response is inadequate and evasive. While the response may
18 not have provided plaintiff with an answer that he wanted, the response complies with the federal
19 rules. Defendant Morris stated -- under oath -- that he did not remember any specific incident.
20 Only a reasonable effort must be made in responding to an interrogatory. Gorrell v. Sneath, 292
21 F.R.D. 629, 632 (E.D. Cal. 2013). While plaintiff is correct that defendant Morris' objections are
22 all improper,[1] an adequate response was still provided notwithstanding the objections. From
23 plaintiff's perspective, defendant Morris' lack of recall concerning any other specific incidents is

---

[1] Any grounds of an objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); see also Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (objection that interrogatories were "burdensome" overruled for failure to "particularize" the basis for objection); Mitchell v. AMTRAK, 208 F.R.D. 455, 458 n. 4 (D.D.C. 2002) (objections must explain how an interrogatory is overbroad or unduly burdensome). Defendant provides no explanation concerning all five objections stated in the response. Accordingly, these objections are all improper.

5

"evasive" and "incomplete," but the court cannot compel defendant Morris to remember an incident. . This interrogatory only required defendant Morris to search his recollection, which he did. As such, the court finds the response adequate.

Interrogatory No. 7 requested defendant Morris to produce copies of any Rules Violation Reports (RVR) and/or inmate grievances that resulted from any incident identified in response to Interrogatory No. 6. (ECF No. 77 at 3.) Defendant Morris asserted the same objections used in Interrogatory No. 6, plus a privacy objection because plaintiff was potentially seeking the production of sensitive information about non-party inmates. (Id.) Without waiving these objections, defendant Morris responded that, as with No. 6, he could not remember any specific incidents as a result of responding to the law library at the behest of defendant Davis, and therefore also did not know if those inmates were given an RVR or wrote an inmate grievance. (ECF Nos. 77 at 3; 78-1 at 37-38.)

As with No. 6, the objections are inadequately stated. However, the substantive response provided by defendant Morris is sufficient. Defendant Morris stated that he does not remember other incidents and therefore cannot provide any documentation concerning those potential incidents. The court cannot force defendant Morris to remember something that he cannot recall.

Accordingly, the court denies plaintiff's motion to compel discovery (ECF No. 77) because the answers provided to the interrogatories are adequate.

V.   Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 67) is denied;

2. Plaintiff's motion for protective order and for stay (ECF No. 68) is denied;

3. Plaintiff's motion to serve additional interrogatories and to extend discovery (ECF No. 76) is denied; and

////

////

////

////

4. Plaintiff's motion to compel discovery (ECF No. 77) is denied.

Dated: February 1, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / hard.0726.mtc