UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>    Plaintiff,<br><br>  v.<br><br>C DAVIS, et al.,<br><br>    Defendants. | No. 2:13-cv-0726 JAM DB<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983 alleging he was unreasonably strip-searched and subjected to excessive force, in violation of his Fourth and Eighth Amendment rights.

Before the close of discovery, plaintiff filed two discovery motions, seeking to compel better answers to interrogatories (ECF No. 67) and seeking to stay a deposition scheduled by defendants (ECF No. 68). After the close of discovery, plaintiff filed two more discovery motions, seeking to submit additional interrogatories to defendants and to extend the discovery deadline (ECF No. 76) and seeking to compel better responses to interrogatories (ECF No. 77). On February 1, 2017, the undersigned ordered that all four discovery motions be denied. (ECF No. 100.) Plaintiff now moves for reconsideration of that order. (ECF No. 115.) Additionally, plaintiff moves for appointment of counsel because he does not have experience presenting a case at trial. (ECF No. 117.)

1

**I.     Motion for Reconsideration**

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D.Cal.2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(j) requires a party to show the "*new or different* facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]" (emphasis supplied).

Plaintiff's motion does not meet the high burden necessary to succeed on a motion for reconsideration. Plaintiff's motion for reconsideration retreads the arguments already made in the original motion -- and already rejected by the court. Thus, plaintiff is merely showing "disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" Westlands Water Dist., 134 F. Supp. 2d at 1131.

Accordingly, plaintiff's motion for reconsideration (ECF No. 115) should be denied.

////

## II. Motion to Appoint Counsel

Plaintiff moves for appointment of counsel because this case has moved beyond the summary judgment stage and is expected to be set for a jury trial. Plaintiff asserts that he would be at a significant disadvantage because he has never tried or presented a case to a jury before. (ECF No. 117 at 3.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Having considered these factors, the court denies plaintiff's motion to appoint counsel, as the basis for the appointment is merely his lack of legal experience. Without the assistance of counsel, plaintiff has partially defeated motions for summary judgment, showing that he is capable of proceeding without counsel in this matter. (ECF No. 118.)

## III. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's for reconsideration (ECF No. 115) is DENIED and plaintiff's motion for the appointment of counsel (ECF No. 117) is DENIED.

DATED: September 20, 2017

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / hard.0726.mtr.mta

3