UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>          Plaintiff,<br><br>     v.<br><br>C. DAVIS, et al.,<br><br>          Defendants. | No. 2:13-cv-0726 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are plaintiff's motion for a "preliminary injunction / temporary restraining order" and motion to appoint counsel. (See ECF Nos. 128, 130). For the reasons stated below, the undersigned shall deny plaintiff's motion to appoint counsel. In addition, it shall be recommended that plaintiff's motion for a temporary restraining order be denied.

**I.     MOTION TO APPOINT COUNSEL**

   **A.     Applicable Law**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28

1

U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

### B.  Discussion

In support of plaintiff's motion for the appointment of counsel, plaintiff states that if the matter proceeds to trial, he will be at a significant disadvantage. (See ECF No. 130 at 3). He also points out that he has never tried a case to a jury. He further contends that given the court's finding that genuine issues of fact exist as to his Fourth Amendment claim, there is a presumption that he has demonstrated a likelihood of success on the merits. (See id.).

As stated above, neither plaintiff's inexperience with the law nor any perceived resulting disadvantage constitute exceptional circumstances warranting the appointment of counsel. In addition, a finding that a genuine issue of fact exists with respect to a claim has no bearing on said claim's potential success on the merits. Finally, the record clearly shows that to date, plaintiff has had no difficulty stating his claims and presenting supporting evidence. (See, e.g., ECF Nos. 1, 30, 47, 48, 67 et seq. (substantive legal documents filed by plaintiff, including, but not limited to complaint and motions to compel)). Thus, having considered the Palmer factors in the aggregate (see Palmer, 560 F.3d at 970 (citation omitted)), at this time, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances that warrant the appointment of counsel.

## II.  MOTION FOR A TEMPORARY RESTRAINING ORDER

### A.  Applicable Law

The legal principles applicable to a request for injunctive relief are well established. To

prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, Inc., 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**B.   Discussion**

Plaintiff requests injunctive relief "concerning arbitrary actions and conditions of confinement." (ECF No. 128 at 1). He claims that he has endured "various forms of retaliation similar to the acts described in his sworn complaint" which include, strip searches without reasonable suspicion; the confiscation of his property without due process; punitive cell searches and the falsification of rule violation reports. (See id. at 2). He contends that the grievances, citizen's complaints and habeas petitions he has filed in an attempt to stop these reprisals have not been successful. (See id.). An incident that occurred earlier this year in which he was assaulted by two gang members led to charges levied against him and rehousing. As a result, some of his property was stolen and he was denied access to the library. (See ECF No. 128 at 3). Plaintiff contends that these facts establish that he will suffer irreparable harm should he not receive declaratory and injunctive relief. (See id. at 3-4).

The "various forms of retaliation" plaintiff states he has endured during his confinement are woefully nondescript. Specifically, they are neither narrowly drawn nor specific enough as the law requires. Plaintiff fails to state how alleged strip searches without reasonable suspicion,

property confiscation without due process, or the other incidents plaintiff mentions, constitute significant threats of irreparable injury or possible irreparable harm. See Oakland Tribune, Inc., 762 F.2d at 1376. Therefore, it shall be recommended that plaintiff's motion for a temporary restraining order be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 130) is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 128) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hard0726.48.31

4