UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>    Plaintiff,<br><br>    v.<br><br>C. DAVIS, et al.,<br><br>    Defendants. | No. 2:13-cv-0726 JAM DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is plaintiff's motion to compel North Kern State Prison ("NKSP") to grant him physical access to its law library. (See ECF No. 133). For the reasons stated below, the court shall deny plaintiff's motion.

**I.    RELEVANT FACTS**

On December 28, 2020, plaintiff filed a motion to compel North Kern State Prison to grant him physical access to its law library. (See ECF No. 133). In support of the motion, plaintiff states that he needs to conduct research in order to file objections to the court's time-sensitive order issued November 23, 2020, which denied him injunctive relief. (See ECF Nos. 131, 133).

1

Plaintiff's motion states that he has received notice from NKSP that because of the COVID-19 pandemic, the law library is closed to physical access. (See ECF No. 133 at 2). Plaintiff has filed administrative appeals related to this decision. (See generally id. at 2-4). Ultimately, plaintiff appears to be requesting that this court override NKSP's decision to limit physical access to its library. In support of the motion, plaintiff states that at one point at the second level of prison officials' administrative review of this issue, prisoners with court-imposed deadlines were granted physical access to the law library. (See id. at 2). He further argues that NKSP's decision to deny him physical access violates prison regulations and policy as well as federal law. (See id. at 2-3).

## II.   DISCUSSION

The court will deny plaintiff's motion. First, the court notes that plaintiff has not said that he has been denied access to the law library in its entirety; he only states that he has been denied physical access to it. Consequently, the court presumes that plaintiff has not been denied access to all the prison's legal materials. Thus, plaintiff's constitutional right to court access has not been completely effaced, and any marginal violation of that right is not actionable here. Indeed, plaintiff's right to access to the courts "does not require the elimination of all economic, intellectual, and technological barriers to litigation." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Furthermore, a state's failure to enforce its own procedures or regulations is not grounds for a federal claim, either. See, e.g., Paul v. Davis, 424 U.S. 693, 700 (1976).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to require North Kern State Prison to grant him physical access to its prison law library (ECF No. 133) is DENIED.

Dated:  January 4, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/hard0726.mtc.den