UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. DAVIS, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-0726 JAM DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. (ECF No. 149.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

////

1

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. It is possible that plaintiff may succeed on the merits in this case. However, there seems no reason to doubt plaintiff's ability to articulate his claims pro se. This action involves a single Fourth Amendment claim against the defendants. The factual background of this case is also not particularly complex. Plaintiff has, thus far, successfully articulated his claim to the court. He has made motions to the court (ECF Nos. 27, 31, 39, 47, 67) and responded to orders of the court ECF Nos. 38, 110). Plaintiff has also successfully opposed a motion to dismiss (ECF Nos. 29, 37) and a motion for summary judgement (ECF Nos. 92, 102). Even further, plaintiff filed an appeal of the District Court's ruling. (ECF No. 119.) Given the relative simplicity of the legal issues which appear to be involved in this case and plaintiff's apparent ability to articulate his claims, the exceptional circumstances necessary to request the voluntary assistance of counsel do not exist. See Wilborn, 789 F.2d at 1331; Weygandt, 718 F.2d at 954.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 149) is denied.

Dated: July 6, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil_Rights/R/hard0726.31(4)