UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY, | No. 2:13-cv-0726 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| C. DAVIS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, was previously proceeding pro se with a civil rights action under 28 U.S.C. §1983.  On December 30, 2021, parties filed a stipulation of dismissal and indicated that they had reached a settlement agreement in this case.  (ECF No. 159; see ECF No. 160 at 2.) The case was dismissed pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. (See ECF No. 161.)

Plaintiff has now filed a request for partial refund of fees.  (ECF No. 162.)  In his request, plaintiff states that upon conclusion of the present action, he received $3,200.00 from defendants via direct deposit as agreed upon in the settlement agreement.  (Id. at 1.)  Plaintiff claims that following this deposit, prison officials deducted "around 1,006 dollars to pay court filing fees in full."  (Id. at 2.)  Plaintiff states that this exceeds the maximum amount set by the court and 28 U.S.C. §1915(b)(2).  (Id.)  Defendants' counsel filed a declaration opposing plaintiff's request and included a copy of the plaintiff's inmate trust account statement.  (ECF No. 163.)  Plaintiff filed a reply to the defendants' declaration.  (ECF No. 164.)

1  Based on the statements in plaintiff's motion and the information provided by defense
2  counsel it appears that plaintiff received settlement payment of $3,200.00 on February 24, 2022.
3  (ECF No. 162 at 1; ECF No. 163 at 12.) Twenty percent of this amount is $640.00. (See ECF
4  No. 162 at 2.) On March 1, 2022, a total of $1,007.10 was removed from plaintiff's inmate trust
5  account in connection with outstanding court fees in three cases. (ECF No. 162 at 2; ECF No.
6  163 at 12.) Based on the inmate trust account statement, these amounts individually were
7  $344.77, $312.37, and $350.00. (ECF No. 163 at 12.)

8  Under 28 U.S.C. §1915(b)(2), a prisoner is required to make payments on court fees equal
9  to "20 percent of the preceding month's income credited to the prisoner's account." However,
10 recoupment of filing fees from multiple cases is "simultaneous, not sequential". Bruce v.
11 Samuels, 577 U.S. 82, 87 (2016). Additionally, the twenty percent is deducted "for each action"
12 where court fees are owed. Bruce, 577 U.S. at 90. This means that where a plaintiff owes court
13 fees in multiple cases, the maximum amount deducted from a each individual case is limited to
14 twenty percent of the previous month's income but the total amount deducted for all cases is not
15 capped in this manner. Id.

16 Here, the three amounts deducted from plaintiff's trust account—$344.77, $312.37, and
17 $350.00—did not individually exceed twenty percent of plaintiff's preceding month's income
18 from the settlement agreement, or $640.00. (See ECF No. 163 at 12.) As such, it appears the
19 amounts deducted for payment of court fees did not violate 28 U.S.C. §1915(b)(2) or any order of
20 this court. See Bruce, 577 U.S. at 90.

21 Accordingly, IT IS HEREBY ORDERED that plaintiff's request for partial return of fees
22 (ECF No. 162) is denied.

23 Dated: September 1, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil_Rights/R/hard0726.fees

2